FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 21, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRUCE GOODELL, a single person,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COLUMBIA COUNTY PUBLIC TRANSPORTATION; COLUMBIA COUNTY TRANSPORTATION AUTHORITY; and DAVID OCAMPO,<br><br>　　　　Defendants. | NO. 2:20-CV-00226-SAB<br><br>**ORDER DISMISSING MOTIONS AS MOOT** |

　　　　Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 6 and 14, and Defendants' Motion to Dismiss Violation of Due Process Claim and to Decline Supplemental Jurisdiction, ECF No. 12. The motions were noted for oral argument on September 10, 2020. However, the Court finds that oral argument on the motions is no longer necessary. LCivR 7(i)(3)(B)(iii). The Court has reviewed the briefing and the relevant caselaw and accordingly denies all three motions as moot.

## Background

　　　　The facts of this case are not particularly relevant to the disposition of the pending motions. Briefly, Plaintiff alleges a myriad of discrimination and retaliation claims against Defendants, his employers, arising out of whistleblowing

**ORDER DISMISSING MOTIONS AS MOOT** * 1

activities and because of his sexual orientation. He filed a Complaint in this Court on June 17, 2020. Shortly thereafter, Plaintiff moved for partial summary judgment on the merits of one of its retaliation claims under the Washington Law Against Discrimination (WLAD). ECF No. 6. In response, Defendants filed their own motion for summary judgment, ECF No. 14, as well as the pending motion to dismiss, ECF No. 12. On August 19, 2020, Plaintiff responded to Defendants' cross-motion for summary judgment and replied in support of his motion for summary judgment. ECF No. 19. The next day, Plaintiff filed his First Amended Complaint as a matter of course, realleging the claims in his original complaint with the addition of a First Amendment retaliation claim. ECF No. 21.

## Discussion

Although the Amended Complaint does not provide the basis for which it was filed, it appears that the Complaint was filed pursuant to Fed. R. Civ. P. 15(a)(1)(B) because it was filed within 21 days after receipt of Defendants' Rule 12(b) motion, ECF No. 12. Thus, the amendment was as a matter of course for which leave of Court or consent of the opposing party was not required. Upon filing, an amended complaint supersedes a previously filed complaint in its entirety. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citing *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012)). The pending cross-motions for partial summary judgment, ECF Nos. 6 and 14, and Defendants' Motion to Dismiss Violation of Due Process Claim and to Decline Supplemental Jurisdiction, ECF No. 12, target the superseded initial complaint. Accordingly, those motions are moot.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment, ECF No. 6, is **denied as moot**.

**ORDER DISMISSING MOTIONS AS MOOT** \* 2

2. Defendants' Cross-Motion for Summary Judgment, ECF No. 14, is **denied as moot**.

3. Defendants' Motion to Dismiss Violation of Due Process Claim and to Decline Supplemental Jurisdiction, ECF No. 12, is **denied as moot**.

4. The hearing set for September 10, 2020 is **stricken**.

5. Defendants shall respond to the First Amended Complaint within **fourteen days**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 21st day of August 2020.



Stanley A. Bastian
Chief United States District Judge

**ORDER DISMISSING MOTIONS AS MOOT** * 3