Ronald A. Van Wert, WSBA #32050
Andrew M. Wagley, WSBA #50007
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
(509) 747-9100
(509) 623-1439 Fax
Email: rvw@ettermcmahon.com
Email: awagley@ettermcmahon.com
Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRUCE GOODELL, a single person,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA COUNTY PUBLIC TRANSPORTATION; COLUMBIA COUNTY TRANSPORTATION AUTHORITY; and DAVID OCAMPO,<br><br>Defendants. | No.  2:20-cv-00226-SAB<br><br>**RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:<br>January 29, 2021 at 10:00 am<br>With Oral Argument |

Defendants Columbia County Public Transportation, Columbia County Transportation Authority, and David Ocampo (collectively "Defendants"), hereby submit this Response to Plaintiff Bruce Goodell's Motion for Partial

Response to Plaintiff's Motion for Partial
Summary Judgment and Defendants' Cross-
Motion for Summary Judgment- Page  1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Summary Judgment regarding Plaintiff's Washington Law Against Discrimination, Chapter 46.90 RCW ("WLAD") retaliation claim. As there are no genuine issues of material fact regarding liability, Defendants also move this Court for an Order of Summary Judgment dismissing Plaintiff's WLAD retaliation claim. This Motion is made pursuant to Fed. R. Civ. P. 56, LCivR 56, and based upon the following Memorandum of Law.

As further articulated below, Plaintiff's Motion must be denied and Defendants' Cross-Motion granted as:

(1)    Plaintiff's WLAD retaliation claim is not subject to strict liability as an internal employment investigation invokes the "opposition clause" of the retaliation provision and must be supported by the employee's "reasonable belief" discrimination occurred. *See e.g.*, *Vasconcelos v. Meese*, 907 F.2d 111, 113 (9th Cir. 1990). As such, if an employee fabricates an internal complaint of discrimination, the employee's termination is not "because he or she has opposed any practices forbidden by this chapter." RCW 49.60.210(1).

(2)    Plaintiff cannot establish a *prima facie* case of retaliation as his internal complaint of discrimination was fabricated, and therefore not supported by a "reasonable belief" that discrimination occurred

Response to Plaintiff's Motion for Partial
Summary Judgment and Defendants' Cross-
Motion for Summary Judgment- Page 2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

1  nor "because" he opposed discrimination. *See id*.

2

3  (3)    The discharge of an employee for fabricating an internal complaint

4

5        of discrimination, lying during the investigation, and violating

6        employer policy constitutes a legitimate, nondiscriminatory motive.

7

8        *Mackey v. Home Depot USA, Inc.*, 12 Wn. App. 2d 557, 580, 459

9

10       P.3d 371. *review denied* 195 Wn.2d 1031, 468 P.3d 616 (2020).

11                        **UNDISPUTED MATERIAL FACTS**

12

13       Defendants incorporate their Statements of Fact in Support of Cross-

14

15  Motion for Summary Judgment ("D-SOF") as if fully restated herein.  Plaintiff

16

17  Bruce Goodell was terminated from his employment with Defendant Columbia

18  County Public Transportation ("CCPT") on December 11, 2019.  (D-SOF 4.)

19

20  Mr. Goodell was terminated as the result of fabricating a complaint of

21

22  discrimination, lying during the internal investigation, and violating

23  Defendants' employment policies.  (*See* D-SOFs 3-11.)

24

25       On November 10, 2019, Mr. Goodell emailed Defendant Ocampo an

26  internal complaint alleging that "on 10/30/19 and continuing," Mr. Goodell

27

28  was "subjected to significant abuse by [co-worker] Mark Haney."  (D-SOF 5.)

29

30  Following this email, Defendant David Ocampo ("Ocampo") conducted a

31

32  detailed investigation and interviewed Mr. Goodell at-least twice, along with

Response to Plaintiff's Motion for Partial
Summary Judgment and Defendants' Cross-
Motion for Summary Judgment- Page  3

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

interviewing the alleged harasser (Mr. Haney) and two other alleged witnesses (Ms. Suchodolski and Ms. Schmidt).  (D-SOF 7.)

None of the witnesses interviewed corroborated Mr. Goodell's story.  (D-SOFs 8 and 9.)  Two witnesses, Ms. Suchodolski and Ms. Schmidt, whose credibility has not been challenged, directly contradicted Mr. Goodell's assertion of acts he claimed they witnessed.  (*Id.*)  Ms. Suchodolski denied witnessing or overhearing any derogatory statements by Mr. Haney towards Mr. Goodell.  (*Id.*)  Ms. Schmidt denied observing Mr. Goodell get visibly upset, speak in a trembling voice, or get tearful.  (*Id.*)  When confronted with this contradicting testimony, Mr. Goodell changed his story or refused to respond.  (*Id.*)  Accordingly, Defendants found that Mr. Goodell falsified his testimony and that his complaint was not made in good faith. (*Id.*)  As such, CCPT terminated Mr. Goodell for violating company policy.  (D-SOF 11.)

### **STANDARD OF REVIEW**

The purpose of summary judgment is to avoid unnecessary trials. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994).  Summary judgment is warranted if the moving party demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Response to Plaintiff's Motion for Partial
Summary Judgment and Defendants' Cross-
Motion for Summary Judgment- Page  4

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

The Court must construe the facts, as well as all rational inferences, in the light most favorable to the non-moving party. *Scott v. Harris,* 550 U.S. 372, 378 (2007). However, the Court "defers to neither party in resolving purely legal questions." *Trizuto v. Bellevue Police Dep't*, 983 F. Supp. 2d 1277, 1288 (W.D. Wash. 2013).

## **MEMORANDUM OF LAW**

The WLAD retaliation provision, RCW 49.60.210(1), provides:

> It is an unfair practice for any employer . . . to discharge, expel, or otherwise discriminate against any person <u>because he or she has opposed any practices forbidden by this chapter</u>, or *because he or she has filed a charge, testified, or assisted in any proceeding under this chapter*.

(emphasis added). This provision contains an "opposition clause" (underlined) and a "participation clause" (italicized). *Lodis v. Corbis Holdings, Inc.,* 172 Wn. App. 835, 848, 292 P.3d 779 (2013).

Courts apply the *McDonnell Douglas*[1] burden-shifting approach for purposes of a WLAD retaliation claim. *Erickson v. Biogen, Inc.*, 417 F. Supp. 3d 1369, 1378 (W.D. Wash. 2019). Under the *McDonnell Douglas* burden-shifting approach:

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Response to Plaintiff's Motion for Partial Summary Judgment and Defendants' Cross-Motion for Summary Judgment- Page 5

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

> Plaintiff must first establish a *prima facie* case of discrimination or retaliation. . . . If she [or he] succeeds, then the burden shifts to the Defendant to offer a legitimate explanation for Plaintiff's termination. . . . If Defendant does, the burden shifts back to the Plaintiff to show that Defendant's explanation is pretext for discrimination or retaliation.

*Erickson*, 417 F. Supp. 3d at 1378 (internal citations omitted).

In order to establish a *prima facie* case of a WLAD retaliation claim, "an employee must show that (1) he or she engaged in a statutorily protected activity, (2) the employer took an adverse employment action against the employee, and (3) there is a causal connection between the employee's activity and the employer's adverse action." *Mackey v. Home Depot USA, Inc.*, 12 Wn. App. 2d 557, 574, 459 P.3d 371 (2020).

## A.    The WLAD Does Not Protect Fabricated Internal Complaints of Discrimination as a Matter of Law.

Mr. Goodell argues "[t]he only dispute related to this claim is the purely legal questions of whether the WLAD permits an employer to fire an employee for making allegedly false statements while engaged in protected activity." (ECF No. 38 at 2.) In essence, Mr. Goodell advocates for a strict liability standard for a WLAD retaliation claim. (*See id.* at 9 ("all retaliation against those who oppose discrimination or participate in a proceeding regarding discrimination is prohibited, <u>irrespective of whether the information provided</u>

Response to Plaintiff's Motion for Partial
Summary Judgment and Defendants' Cross-
Motion for Summary Judgment- Page 6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

was truthful").    Plaintiff's position is contrary to various aspects of the law, including plain language of the WLAD and the *McDonnell Douglas* burden-shifting approach, along with public policy.

### i. The "Because" Language Contained in the WLAD Retaliation Provision Imposes a Causation Requirement.

The plain language of the statute indicates that the retaliation provision does not impose strict liability as the "because" language requires causation. RCW 49.60.210(1).  Under the plain language of the retaliation provision, it is unlawful to discharge an employee "because he or she has opposed any practices forbidden by this chapter" or "because he or she has filed a charge, testified, or assisted in any proceeding under this chapter." *Id.*

Although the provisions of the WLAD must be liberally construed, the Court must not read language into a statute that the legislature did not intend to include.  *Davis v. Fred's Appliance, Inc.*, 171 Wn. App. 348, 360, 287 P.3d 51 (2012).  The express "because" language of RCW 49.60.210(1) invokes a causation requirement and negates a strict liability interpretation.  *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176-77 (2009); *accord Murray v. Mayo Clinic*, 934 F.3d 1101, 1107 (9th Cir. 2019).  The termination of an employee

Response to Plaintiff's Motion for Partial Summary Judgment and Defendants' Cross-Motion for Summary Judgment- Page  7

ETTER, MᶜMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

for lying is not "because" of a protected activity; it is because the employee lied. RCW 49.60.210(1).

Plaintiff convolutes this issue by citing language in RCW 49.60.210(3) and arguing that "a legislature is presumed to act intentionally and purposely when it includes language in one section but omits it in another." (ECF No. 38 at 6.) Specifically, RCW 49.60.210(3) provides:

> It is an unfair practice for any employer . . . to discharge, expel, discriminate, or otherwise retaliate against an individual assisting with an office of fraud and accountability investigation under RCW 74.04.012, unless the individual has willfully disregarded the truth in providing information to the office.

(Underlining added). However, subsection (3) was added in 2011 as part of a revision to Chapter 74.04 RCW, whereas, the WLAD retaliation provision itself was promulgated in 1949. *See* 2011 Wash. Legis. Serv. 1st Sp. Sess. Ch. 42 (S.S.B. 5921). Further, Plaintiff fails to recognize that RCW 49.60.210(1), the operative subsection of the WLAD retaliation provision, does not include the phrase "retaliate," although subsection (3) expressly does. Certainly, Plaintiff is not prepared to argue that retaliation is not covered by subsection (1) since it is not expressly referenced therein as it is in subsection (3). *See State v. Alvarado*, 164 Wn.2d 556, 562, 192 P.3d 345 (2008) ("Common sense informs our analysis, as we avoid absurd results in statutory interpretation.").

Response to Plaintiff's Motion for Partial
Summary Judgment and Defendants' Cross-
Motion for Summary Judgment- Page 8

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Mr. Goodell's statutory interpretation arguments contain logical fallacies and are contrary to the "because" plain language of RCW 49.60.210(1).  As such, WLAD retaliation does not impose the strict liability standard advocated by Mr. Goodell.  *See* RCW 49.60.210(1).

### ii. The *McDonnell Douglas* Burden-Shifting Approach Requires Causation to Establish Retaliation.

The *McDonnell Douglas* burden-shifting framework requires a plaintiff to establish "a causal connection between the employee's activity and the employer's adverse action."  *Mackey*, 12 Wn. App. 2d at 574.  Similar to the argument contained *supra*, if the WLAD retaliation provision applied strict liability, there would not be a well-developed body of case law that the *McDonnell Douglas* burden-shifting approach applies to WLAD retaliation claims.  *Mackey*, 12 Wn. App. 2d at 574; *Erickson*, 417 F. Supp. 3d at 1378.

### iii. An Employer May Discharge an Employee For an Internal Employment Complaint Not Made with a Reasonable Belief That Discrimination Occurred.

Mr. Goodell's internal complaint of discrimination is governed by the "opposition clause" to the retaliation provision, as opposed to the "participation clause."  *See Reiber v. City of Pullman*, 2013 WL 3984442, at *9

Response to Plaintiff's Motion for Partial Summary Judgment and Defendants' Cross-Motion for Summary Judgment- Page  9

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

(unpublished)[2] (E.D. Wash. 2013).  In addition to causation requirements, Mr. Goodell must have had a "reasonable belief" in the veracity of the claim to invoke the protections of the retaliation "opposition clause" protections.  *See Lodi*, 192 Wn. App. at 50.

As the WLAD mirrors federal law, this Court may look to Title VII of the Civil Rights Act of 1964 as a source of guidance when analyzing WLAD retaliation claims.  *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065 (9th Cir. 2003).  Plaintiff argues that "[t]he majority of circuit courts, including the Ninth Circuit, hold that Title VII shields an employee from adverse action on the basis of any opposition to discrimination or testimony provided in an EEO proceeding, regardless of its truth."  (ECF No. 38 at 7.)  However, the referenced federal authority relates to investigations by a regulatory entity, which invokes the "participation clause," not the "opposition clause."  *See e.g., Egei v. Johnson*, 192 F. Supp. 3d 81, 86-87 (D.D.C. 2016) ("[plaintiff's] retaliation claim is brought under the 'participation' clause, because the statements that FEMA alleges were false or malicious were made in her formal EEO charge and her testimony before the EEO.")

---

[2] Pursuant to LCivR 7(g)(2), this authority and other unpublished opinions herein are offered for persuasive purposes only.

Response to Plaintiff's Motion for Partial Summary Judgment and Defendants' Cross-Motion for Summary Judgment- Page 10

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Under WLAD, the "opposition clause" prevents an employer from discharging an employee "because he or she has opposed any practices forbidden by this chapter." RCW 49.60.210(1). On the other hand, the "participation clause" prevents an employee from discharging an employee "because he or she has filed a charge, testified, or assisted <u>in any proceeding under this chapter</u>." *Id*. (underlining added). Although Plaintiff claims that his retaliation claim invokes both clauses, the WLAD "participation clause" is "limited to official investigations" and does not extend to "an employer's internal investigation." *Reiber*, 2013 WL 3984442, at *9. In coming to this conclusion, the *Reiber* Court reasoned that under the comparable language of Title VII: "A purely internal investigation does not involve a 'charge,' or testimony, and neither is it a 'proceeding' or a 'hearing.'" *Reiber*, 2013 WL 3984442, at *9 (quoting *Hatmaker v. Mem'l Med. Ctr.,* 619 F.3d 741, 746-47 (7th Cir. 2010)). Furthermore, RCW 49.60.210(1) likewise explicitly refers to a "charge" and "proceeding under this chapter," which excludes an internal investigation. As such, Mr. Goodell's internal complaint and the following internal investigation falls under the "opposition clause." *See id*.

Under the WLAD "opposition clause," an employee is entitled to protection only if he "'reasonably believed'" that he was opposing unlawful

Response to Plaintiff's Motion for Partial
Summary Judgment and Defendants' Cross-
Motion for Summary Judgment- Page  11

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

discrimination. *Lodis*, 192 Wn. App. at 50. As it pertains to an internal

employer discrimination or harassment investigation, the Ninth Circuit and

multiple other Circuits have expressly held that the "opposition clause" as

opposed to the "participation clause" applies. *Vasconcelos v. Meese*, 907 F.2d

111, 113 (9th Cir. 1990) (employee "was fired for lying during the [internal

employer] investigation, not for lying in any *EEOC* investigation")*; E.E.O.C. v.

Total Sys. Servs., Inc.*, 221 F.3d 1171, 1175 (11th Cir. 2000) ("Even if false

statements made in the context of an EEOC charge (per the participation clause)

are protected and cannot be grounds for dismissal or discipline, . . . this

extreme level of protection for untruth is not afforded to false statements made

under the opposition clause."); *Townsend v. Benjamin Enterprises, Inc.*, 679

F.3d 41, 49 (2d Cir. 2012) ("Every Court of Appeals to have considered this

issue squarely has held that participation in an internal employer investigation

not connected with a formal EEOC proceeding does not qualify as protected

activity under the participation clause."); *Hatmaker*, 619 F.3d at 747.

The "opposition clause" (as opposed to the "participation clause") applies

to an internal employer investigation so the employer may rely on the

truthfulness of employee statements to make personnel, legal, or other

important business decisions. *See Total Sys. Servs.*, 221 F.3d at 1176. On the

Response to Plaintiff's Motion for Partial
Summary Judgment and Defendants' Cross-
Motion for Summary Judgment- Page 12

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

other hand, official investigations conducted by a third-party governmental agency invoke further protections, as the employee has gone to the governmental agency regarding allegations of discrimination.  *See id.*  Such actions subject an employer to an official proceeding, a potential agency investigation, and the possibility of legal liability.  Moreover, official governmental agency proceedings have mechanisms to prevent fabricated claims (such as perjury), where an internal employment complaint does not.  As such, "[a]ccusations made in the context of charges before [the official government agency] are protected by statute, charges made outside of that context are made at the accuser's peril."  *Vasconcelos*, 907 F.2d at 113.

The cases cited by Plaintiff in support of his argument clearly deal with a "participation clause" retaliation situation as the employees therein had initiated an official administrative proceeding.  *See Sias v. City Demonstration Agency*, 588 F.2d 692, 695 (9th Cir. 1978) ("It is well settled that the participation clause shields an employee from retaliation regardless of the merit of his EEOC charge."); *see also Egei*, 192 F. Supp. 3d at 86-87; *accord Pettway v. Am. Cast Iron Pipe Co.*, 411 F.2d 998, 999–1000 (5th Cir. 1969) (framing the issue as "whether a charge filed pursuant to § 704(a) of the Act (42 U.S.C.A. § 2000e-3(a)) prohibits an employer from discharging an employee for having made

Response to Plaintiff's Motion for Partial
Summary Judgment and Defendants' Cross-
Motion for Summary Judgment- Page 13

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

false statements in a request for reconsideration of his case before the Equal Employment Opportunity Commission").

Based upon the foregoing, the "opposition clause" is applicable to Mr. Goodell's internal complaint regarding discrimination.  *See Vasconcelos*, 907 F.2d at 113.  Therefore, as Mr. Goodell did not have a "reasonable belief" in the internal complaint as it was fabricated, he is not protected as a matter of law.  *See Lodis*, 192 Wn. App. at 50.  At the very least, the WLAD retaliation provision does not invoke strict liability.  *See id*.

### iv. <u>Public Policy Allows an Employer to Terminate an Employee Who Was Dishonest During an Internal Investigation.</u>

Public policy supports the conclusion that a fabricated internal claim of discrimination should not insulate an employee from discharge.  An employer is entitled to rely upon statements of an employee during an internal investigation to make important business decisions.  *See Total Sys. Servs.*, 221 F.3d at 1176.  The standard under the "opposition clause" does not prevent an employee from making an internal complaint, but only requires a "reasonable basis."  *See id*.  In the event a fabricated complaint was protected, an inept employee could insolate himself from termination by simply making baseless accusations.  *See Mattson v. Caterpillar, Inc.,* 359 F.3d 885, 891 (7th Cir. 2004).

Response to Plaintiff's Motion for Partial
Summary Judgment and Defendants' Cross-
Motion for Summary Judgment- Page 14

ETTER, M^CMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

### B.    Plaintiff Cannot Establish a *Prima Facie* Retaliation Case as a Matter of Law.

Based upon the foregoing, Mr. Goodell is only protected under the "opposition clause" if he "reasonably believed" that he was opposing unlawful discrimination. *Lodis*, 192 Wn. App. at 50. In order to establish a *prima facie* case of retaliation, Mr. Goodell must establish that: (1) "he . . . engaged in a statutorily protected activity, (2) the employer took an adverse employment action against [him], and (3) there is a causal connection." *Mackey*, 12 Wn. App. 2d at 574. The casual connection requires that "statutorily protected activity was a 'substantial factor' in Defendant's adverse employment decision." *Erickson*, 417 F. Supp. 3d at 1383.

In the situation at hand, Mr. Goodell did not engage in a protected activity under the "opposition clause." *See Villa v. CavaMezze Grill, LLC*, 858 F.3d 896, 901 (4th Cir. 2017) ("The opposition clause does not protect the making of a knowingly false allegation."). Mr. Goodell did not have a reasonable belief that he was opposing an unlawful practice as Defendants, after conducting an investigation, "determined that the allegations against Mr. Haney in [Mr. Goodell's] complaint . . . are false." (D-SOF 8.) Additionally, even if the Court finds protected activity, Mr. Goodell cannot establish that the

Response to Plaintiff's Motion for Partial
Summary Judgment and Defendants' Cross-
Motion for Summary Judgment- Page 15

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

protected activity was a "substantial factor" in his discharge, as the reason for his discharge was false accusations and violation of the CCPT Personnel Handbook.  (*See* D-SOFs 8-10.)

No genuine issue of material fact exists establishing a *prima facie* case of retaliation.  (*See* D-SOFs 8-10.)  Thus, Defendants are entitled to dismissal as a matter of law.  *Lodis*, 192 Wn. App. at 50; *Total Sys. Servs.,* 221 F.3d at 1174.

### C.    Termination for Fabricating an Internal Complaint and Violating Policy Constitutes a Legitimate, Non-Discriminatory Motive.

Assuming *arguendo* there is a *prima facie* retaliation claim, there is no genuine issue of material fact challenging that Mr. Goodell was discharged for a legitimate, non-discriminatory reason.  (D-SOFs 6-11.)  "Once an employee has established a *prima facie* case of retaliation, the burden shifts to the employer to advance a legitimate, non-discriminatory reason for discharging the employee."  *Purcell*, 44 F. Supp. 3d at 1060.  For summary judgment, "the employer only has a burden of production, not persuasion, and does not need to persuade the court that it was actually motivated by the nondiscriminatory reasons."  *Mackey*, 12 Wn. App. 2d at 580-81 (underlining added).

Violation of an employer policy constitutes legitimate, nondiscriminatory grounds for termination.    *Mackey*, 12 Wn. App. at 580 ("Home Depot

Response to Plaintiff's Motion for Partial
Summary Judgment and Defendants' Cross-
Motion for Summary Judgment- Page  16

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

presented evidence that it had a legitimate, nondiscriminatory reason for terminating Mackey: her violation of company discount polices."). Additionally, termination based upon the employer's belief that the employee lied during an internal investigation constitutes a legitimate, nondiscriminatory reason. *See Total Sys. Servs.*, 221 F.3d at 1176 ("Defendant offered a legitimate nondiscriminatory reason for Warrant's termination: Defendant concluded that she had lied in an internal investigation."); *accord Richey v. City of Indep.*, 540 F.3d 779, 784 (8th Cir. 2008) ("An employee who engaged in protected activity is not insulated from adverse action for violating workplace rules, and an employer's belief that the employee committed misconduct is a legitimate, non-discriminatory reason for adverse action.").

In the event the employer meets its burden of production, the burden shifts to the employee to "produce sufficient evidence" to create a genuine issue of material fact that the "adverse employment action was pretextual." *Mackey*, 12 Wn. App. 2d at 581. However, if the termination "was based on actual evidence derived from the investigation," an employee cannot establish pretext by challenging the results of the investigation. *See id*. at 582. In the same vein, "[a]n employee's assertion of good performance to contradict the

Response to Plaintiff's Motion for Partial
Summary Judgment and Defendants' Cross-
Motion for Summary Judgment- Page 17

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

employer's assertion of poor performance does not give rise to a reasonable inference of discrimination." *Id.* (internal quotations omitted).

Here, no genuine issue of material fact exists that Mr. Goodell was terminated for fabricating a claim of discrimination, lying during an investigation, and violating CCPT Personnel Policies. (*See* D-SOFs 6-11.) As expressly stated in the Termination Letter, "CCPT takes allegations of sexual harassment and harassment seriously, and cannot tolerate false allegations such as the ones [Mr. Goodell] made regarding Mr. Haney's alleged comments on October 30, 2019." (D-SOF 11.) Further, the Termination Letter expressly references the CCPT Personnel Handbook as a reason for termination, noting that it "prohibits retaliation against 'any person who, in good faith,' reports sexual harassment and/or harassment." (D-SOF 9.) Moreover, Defendants detailed all aspects of the investigation into Mr. Goodell's internal complaint and the reasons for the conclusion that Mr. Goodell fabricated the complaint. (D-SOFs 8-9.) Although a grievance procedure was available by CCPT, Mr. Goodell failed to avail himself of the procedure. (D-SOF 12.)

Defendants have met their burden of producing a legitimate, nondiscriminatory reason for purposes of the *McDonnell Douglas* burden-shifting analysis. (*See* D-SOFs 6-11.) Further, based upon the undisputed

Response to Plaintiff's Motion for Partial
Summary Judgment and Defendants' Cross-
Motion for Summary Judgment- Page 18

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

Termination Letter, Mr. Goodell is unable to establish pretext as a matter of law. *See Mackey*, 12 Wn. App. 2d at 581. As such, summary judgment in favor of Defendants is warranted as a matter of law. *See id.*

**D. Certification to the Washington Supreme Court is Not Warranted.**

In the alternative, Mr. Goodell argues that certification to the Supreme Court of Washington may be appropriate for the WLAD retaliation claim. (*See* ECF No. 38 at 11.) Certification is warranted "[w]hen in the opinion of any federal court before whom a procedure is pending, it is <u>necessary to ascertain the local law of this state</u> in order to dispose of such proceeding and the <u>local law has not been clearly determined</u>." RCW 2.60.020 (underlining added); *accord* RAP 16.16. First, certification is not necessary to decide this issue based upon the plain language of RCW 49.60.210(1) and as Washington law is settled that a "opposition clause" WLAD retaliation case requires a "reasonable belief" in the veracity of the discrimination. *See supra.* Second, even though Washington has not expressly applied the "opposition clause" in the context of fabrication or dishonesty in an internal employer investigation, this Court may look towards federal authority when deciding the issue. *Id.* As indicated

Response to Plaintiff's Motion for Partial Summary Judgment and Defendants' Cross-Motion for Summary Judgment- Page 19

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

above, federal law is clear that an employee may be terminated for fabricating a claim of discrimination during an internal employment investigation.  *Id.*

### E. Dismissal of Plaintiff's Whistleblower Retaliation Claim is Warranted as a Matter of Law.

Mr. Goodell likewise brings a whistleblower retaliation claim pursuant to RCW 49.60.210(2).  (*See* ECF No. 37 at 22-23.)  Pursuant to RCW 49.60.210(2), "[i]t is an unfair practice for a government agency or government manager or supervisor to retaliate against a whistleblower as defined in chapter 42.40 RCW."  The pertinent definition in Chapter 42.40 RCW, Washington's State Employee Whistleblower Protection Act, of a "whistleblower" is "[a]n employee who in good faith reports alleged improper governmental action to the auditor or other public official."  RCW 42.40.020(10)(a)(i).  However, Chapter 42.40 RCW only applies to State employees and not municipal employees.  *See* RCW 42.40.020(2) ("'Employee' means any individual employed or holding office in any department or agency of state government."); *Wilson v. City of Monroe*, 88 Wn. App. 113, 122, 943 P.2d 1134 (1997) ("Because Wilson was not a state employee, he is not entitled to the remedies provided by [Chapter 42.40 RCW]").

Response to Plaintiff's Motion for Partial
Summary Judgment and Defendants' Cross-
Motion for Summary Judgment- Page  20

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

There is no genuine dispute of material fact that both CCPT and Columbia County Transportation Authority are municipal entities. (D-SOF 14.) As such, Mr. Goodell is not a State employee subject to the protections of Chapter 42.40 RCW and RCW 49.60.210(2). (*See id*.) Additionally, Mr. Goodell's internal complaint was fabricated, not made in good faith, and his termination was therefore for a legitimate, nondiscriminatory reason. *See Mackey*, 12 Wn. App. 2d at 581-82. As such, Plaintiff's WLAD whistleblower retaliation claim must be dismissed as a matter of law. *See* RCW 49.60.210(2).

## CONCLUSION

For the reasons indicated above, Defendants respectfully request that this Court deny Plaintiff's Motion for Partial Summary Judgment and grant Defendants' Motion for Partial Summary Judgment.

RESPECTFULLY SUBMITTED this 10th day of December, 2020.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.


By: /s/ Andrew M. Wagley
Ronald A. Van Wert, WSBA #32050
Andrew M. Wagley, WSBA # 50007
*Attorneys for Defendants*

Response to Plaintiff's Motion for Partial
Summary Judgment and Defendants' Cross-
Motion for Summary Judgment- Page  21

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## **CERTIFICATE OF SERVICE**

I hereby certify and declare under penalty of perjury of the laws of the United States and the State of Washington that on the 10th day of December, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send electronic service to the following individual(s):

> Andrew S. Biviano
> Paukert & Troppmann, PLLC
> 522 West Riverside Avenue, Suite 560
> Spokane, WA 99201
> Email: abiviano@pt-law.com

Signed this 10th day of December, 2020 in Spokane, WA.

By: /s/ Andrew M. Wagley
Andrew M. Wagley

Response to Plaintiff's Motion for Partial
Summary Judgment and Defendants' Cross-
Motion for Summary Judgment- Page 22

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100