JUDGE STANLEY A. BASTIAN

ANDREW S. BIVIANO, WSBA #38086
PAUKERT & TROPPMANN, PLLC
522 West Riverside Avenue, Suite 560
Spokane, WA  99201
(509) 232-7760
Email: abiviano@pt-law.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRUCE GOODELL, a single person,<br><br>                    Plaintiff,<br><br>v.<br><br>COLUMBIA COUNTY PUBLIC TRANSPORTATION; COLUMBIA COUNTY TRANSPORTATION AUTHORITY; and DAVID OCAMPO,<br><br>                    Defendants. | NO. 2:20-cv-00226-SAB<br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF IN SUPPORT OF PARTIAL SUMMARY JUDGMENT<br><br>HEARING NOTED FOR:<br><br>January 29, 2021, 10:00 A.M.<br><br>*With Oral Argument*<br>Spokane, WA |

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone:  (509) 232-7760

## I.   INTRODUCTION

In most instances of discrimination, victims lack indisputable proof of their abuse. Often, the most victims can do is report what happened to them and hope to be believed. The question before the Court is whether employers who choose to disbelieve victims can legally fire the victims for coming forward.

Defendants' answer to this question is an emphatic "yes." Defendants would not even require employers to prove that an employee was untruthful. Instead, they would allow employers to retaliate against employees who truthfully reported discrimination, so long as the employer *believes* them to be untruthful. Per Defendants' view, the only instance in which a victim could contest their retaliatory termination is if they meet the nearly impossible burden of proving that the employer did not genuinely believe them to be untruthful.

This approach would turn the law on its head and make a mockery of our anti-discrimination laws. It ignores the plain text of the WLAD and its explicit liberal construction mandate. With no textual support, Defendants ask the Court to set a new precedent that would leave every victim vulnerable to retaliation and create a hole in the WLAD so large that it renders the statute meaningless.

The Court should reject Defendants' novel interpretation of the WLAD and instead apply the plain text of the statute. In so doing, the Court should grant

PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS
MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT • Page 2

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone:  (509) 232-7760

Plaintiff's motion for summary judgment on his WLAD retaliation claim and deny Defendants' cross claim.

Alternatively, the Court should certify this question to the Washington Supreme Court. The briefs of both parties have revealed that there is a lack of Washington case law on the question presented. If it finds Washington law unclear, the Court should not rely on sharply conflicting decisions from other jurisdictions analyzing a different statute. If the Court feels that the statutory text of the WLAD is inadequate "to ascertain the local law of this state" and that "the local law has not been determined," certification is warranted. RCW 2.60.020.

## II.  UNDISPUTED AND CONTESTED FACTS

The only fact that is relevant to the present motion is undisputed: Defendant Ocampo told Plaintiff Goodell that the termination of his employment was based on Mr. Ocampo's *allegation* that Mr. Goodell made an untruthful complaint of discrimination and made further untrue statements during the subsequent investigation. ECF No. 39, ¶¶ 9-10; ECF No. 40-4; ECF No. 15, ¶¶ 9-10. As stated in Plaintiff's Complaint and Declaration filed herewith, the veracity of Mr. Ocampo's allegation of untruthfulness is very much in dispute. ECF No. 37; ECF No. 44 (Declaration of Bruce Goodell). But this dispute need not be resolved at this time, because the question presented is simply whether Defendants' professed motive for termination is legal.

PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS
MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT • Page 3

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone:  (509) 232-7760

1    Defendants mistakenly assert that the allegations made by Mr. Ocampo in the

2    termination letter are undisputed and have in fact been proven true. For instance,

3    Defendants present as undisputed fact that witnesses failed to corroborate or

4    contradicted Mr. Goodell's report, and that when Mr. Goodell was presented with

5    this information, he changed his story or refused to respond. ECF No. 42, p. 4. These

6    assertions are highly disputed. ECF No. 37; ECF No. 44. Moreover, Defendants have

7    not offered any admissible evidence to support these allegations, only hearsay

8    reported secondhand by Mr. Ocampo. *Id.* These factual allegations should therefore

9    be disregarded as both unproven and irrelevant.

## III.    ARGUMENT

### A. The WLAD Protects All Those Who Oppose Discrimination or Assist in a Proceeding, Regardless of Truthfulness.

Defendants agree with Plaintiff on the two rules of statutory construction

that are applicable here: (1) the provisions of the WLAD must be liberally

construed "for the accomplishment of the purposes thereof;" and (2) that the Court

must not read language into a statute that the legislature did not intend to include.

See ECF No. 42, p. 7, citing *Davis v. Fred's Appliance, Inc.*, 171 Wn. App. 348,

360, 287 P.3d 51 (2012). These rules permit only one result.

First, only the full protection of those who oppose discrimination or

participate in a proceeding accomplishes the purpose of the WLAD to end

PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS
MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT • Page 4

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone:  (509) 232-7760

discrimination. Anything less than full protection would deter victims and witnesses from coming forward and hamper all efforts to stamp out discrimination. Because most instances of discrimination are of the "he said/she said" variety and lack definitive proof such as video recording, it is essential that victims and witnesses are able to tell their side without retribution, so that patterns can emerge, and investigations can be conducted. It is certainly possible that an employer will sometimes believe the accused over the accuser, as they should, especially when accusers do not have irrefutable evidence. The question before the Court is whether those who report discrimination lose their legal protection in this scenario.

While Defendants would answer "yes," if we are to follow the WLAD's liberal construction mandate the answer must be "no." If the answer were yes, employers could simply choose to believe the accused over the accuser, even without definitive proof of what happened, and fire the accuser or witnesses for alleged untruthfulness. Whether the employee was in fact dishonest would be immaterial: employers would argue (as Defendants do here) that their mere belief that the employee was untruthful constitutes a legitimate, nondiscriminatory motive. Every employer could thus avail itself of exception to the antiretaliation clause of the WLAD so large as to render it meaningless. Victims and witness would be deterred from reporting discrimination and it would grow unchecked.

PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF IN SUPPORT OF PARTIAL SUMMARY JUDGMENT • Page 5

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone: (509) 232-7760

1    Rather than liberally construing the WLAD "for the accomplishment of the

2    purposes thereof," the entire statutory scheme would be undermined.

3        Second, because the Court must not read language into a statute that the

4    legislature did not intend to include, it cannot copy and paste statutory language

5    from subsection (3) into subsection (1). Defendants' response to this point is the

6    observation that the subsection (3) was added in a 2011 revision to the 1949 statute.

7    ECF No. 42, p. 8. But this makes no difference and does not provide an exception

8    to a fundamental canon of statutory construction. When amending the statute, the

9    legislature could have just as easily chosen to add an untruthfulness defense to all

10   three subsections or draft it in another manner that made it apply to the entire

11   statute. We are directed to assume that the legislature made a conscious and

12   purposeful decision to draft the statute as it did, rather than presume that it made a

13   mistake. *Russello v. United States*, 464 U.S. 16, 23 (1983).

14       It also makes sense that the legislature would provide for an untruthfulness

15   defense only in subsection (3), as it is a unique provision dealing only with office

16   of fraud and accountability investigations into the misuse of public assistance

17   benefits under RCW 74.04.012. This subsection does not serve the fundamental

18   purpose of the WLAD of eradicating discrimination. As such, there would

19   naturally be less concern that permitting employers to fire untruthful fraud

20   whistleblowers would undermine the larger goal of eradicating discrimination.

PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS
MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT • Page 6

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone: (509) 232-7760

Defendants then suggest that the Court should ignore the fact that there is no untruthfulness defense provided in subsection (1) because it does not contain the word "retaliation." ECF No. 42, p. 8. This is a logical fallacy. Subsection (1) contains explicit language that it is an unfair practice to "discharge, expel, or otherwise discriminate" against those who have engaged in protected activity, so the word "retaliate" is not necessary to explain what is prohibited. RCW 49.60.210(1). Indeed, this case is dealing with a discharge—an action specifically prohibited by statute. But nowhere in subsection (1), or anywhere else in the WLAD, is there any language to suggest that employers may discharge employees who engage in protected activity when they consider the employees to have been untruthful. Defendants' proposed interpretation of the WLAD would usurp the legislature's role in writing the law and add language that is not there. The Court should enforce the law as written.

**B. Plaintiff Does Not Propose a Strict Liability Standard.**

Defendants mischaracterize Plaintiff's position as advocating for a strict liability standard for WLAD retaliation claims, in which plaintiffs do not need to prove causation or follow the *McDonnell Douglas* factors. ECF No. 42, pp. 6-9. This is not so. Plaintiff recognizes that he must prove that: (1) he engaged in a statutorily protected activity; (2) Defendants took an adverse employment action against him; and (3) there is a causal connection between Plaintiff's protected

PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF IN SUPPORT OF PARTIAL SUMMARY JUDGMENT • Page 7

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone: (509) 232-7760

1    activity and Defendants' adverse action." *Mackey v. Home Depot USA, Inc.*, 12

2    Wn. App. 2d 557, 574, 459 P.3d 371 (2020). Plaintiff's argument is not that he is

3    exempt from proving these elements, but that he has done so as a matter of law.

4    To wit, there is no question that: (1) Plaintiff engaged in a statutorily

5    protected activities when he complained to his employer about sexual orientation

6    harassment and participated in the investigation (ECF Nos. 40-1, 40-2); (2)

7    Defendants took an adverse action against Plaintiff when they fired him (ECF No.

8    40-4); and (3) there is a causal connection between Plaintiff's protected activities

9    and his termination, as conceded by Defendants in the termination letter. *Id.*

10    Plaintiff thus satisfies the "because" requirement of the statute. The

11    termination later contains Defendants' clear acknowledgement that the termination

12    occurred *because of* Plaintiff's complaint of discrimination and other statements.

13    ECF No. 40-4. Evidence does not get any simpler or more straightforward than a

14    written confession.

15    The whole of Defendants' argument can best be summarized by their

16    allegation that "[t]he termination of an employee for lying is not 'because' of a

17    protected activity; it is because the employee lied." ECF No. 42, pp. 7-8. This is a

18    bold and definitive position that the Court must adopt if it is to rule in Defendants'

19    favor. But Defendants provide no support for this position. The only citation

20    Defendants offer is to RCW 49.60.210(1), which is circular reasoning because the

PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS
MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT • Page 8

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone:  (509) 232-7760

statute says no such thing. Defendant cannot provide a single statutory citation or Washington appellate decision to support their position. This is likely because no Washington court has ever held, in the seventy-one years since it was adopted, that RCW 49.60.210(1) allows employers to fire employees based on a belief that they were untruthful while engaged in protected activity.

### C. Plaintiff's Claim is Governed by Both the Opposition Clause and Participation Clause, and this Distinction is Inapposite.

Defendants concede that Plaintiff's claim is governed by the "opposition clause" of the WLAD but argue that it is not covered by the "participation clause" because Plaintiff participated in an internal investigation instead of an "official" investigation. ECF No. 42, pp. 9-14. This is a curious distinction to draw, given that Plaintiff's claim is equally viable under either clause. Defendants' focus on this issue appears to be motivated by federal cases drawing a distinction between the two clauses. There are myriad problems with these arguments.

First, Defendants are unable to cite any binding authority on whether Plaintiff's claim falls under the participation clause. Defendants cite only an unpublished district court case, *Reiber v. City of Pullman*, 2013 WL 3984442, (unpublished) (E.D. Wash. 2013). That decision, in turn, openly acknowledges that there is a lack of binding Washington law on this issue. *Id.* at *9 ("[T]he Court must address what appears to be an issue of first impression in Washington:

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone: (509) 232-7760

whether statements made during an employer's internal investigation amount to protected 'participation' activity under the WLAD."). The court went on to hold that "there is reason to believe" that Washington courts would follow federal Title VII decisions holding that statements made in an internal investigation are not protected, given the similarities between the statutes, but also noted differences. *Id.* On the other hand the Washington Supreme has held that Washington law does not follow federal law if it would lessen state law protections. *Antonius v. King County*, 103 P.3d 729, 735, 153 Wash.2d 256 (2004) ("Conversely, where Title VII and the state discrimination statutes are different and following federal cases would not further the purposes of state law, the court has declined to find federal authority persuasive."). Given these conflicting rulings, if the Court determines it is critical to resolve whether the participation clause applies, there is even more reason for the Court to certify this matter to the Washington Supreme Court.

Plaintiff submits this issue does not need to be resolved because untruthfulness in not a defense under either clause. Defendants appear to distinguish between the clauses in an attempt to lessen the persuasive authority of *Egei v. Johnson,* 192 F.Supp.3d 81 (D.D.C. 2016), as *Egei* dealt only with the participation clause and not the opposition clause. This is a distinction without a difference, however, as *Egei* is only offered for its reasoning that public policy is best served by prohibiting employers from taking adverse action in response to all

PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF IN SUPPORT OF PARTIAL SUMMARY JUDGMENT • Page 10

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone: (509) 232-7760

1  protected activity, even if said activity is proven false. Other courts, including this

2  circuit, have held that this same reasoning applies to the opposition clause of Title

3  VII. *See Sias v. City Demonstration Agency*, 588 F.2d 692, 695 (9th Cir. 1978)

4  ("But this Court believes that appropriate informal opposition to perceived

5  discrimination must not be chilled by the fear of retaliatory action in the event the

6  alleged wrongdoing does not exist.") (quoting *Hearth v. Metropolitan Transit*

7  *Commission*, 436 F.Supp. 685, 688-689 (D. Minn. 1977)).

8        As discussed in *Egei* and is evident from the parties' conflicting case

9  citations, there is a disagreement among circuit courts as to whether Title VII

10 permits employers to fire employees for allegedly lying while engaged in protected

11 activity. Again, however, these decisions are not controlling or dispositive. The

12 sole dispositive issue is the text and meaning of Washington law. The plain

13 language of the statute controls, and we are to presume that the legislature acted

14 intentionally when it included an untruthfulness exception in one subsection of the

15 antiretaliation statute and chose not to include it in others. The reasoning of cases

16 analyzing the same issue in the context of Title VII is not controlling; it is only

17 helpful to the extent it shows that the Washington legislature's decision is

18 consistent with public policy concerns recognized by numerous courts. The cases

19 show that accepting the plain text of the WLAD as written does not in any way

20 lead to an absurd result and is consistent with public policy.

PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS
MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT • Page 11

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone: (509) 232-7760

1    **D. The "Reasonable Belief" Standard Does Not Apply Here.**

2    Defendants next argue that Plaintiff's claim is barred because he did not

3    have a "reasonable belief" in the complaint he brought to Defendants' attention.

4    ECF No. 42, pp. 14-15, citing *Lodis v. Corbis Holdings, Inc.,* 192 Wash.App. 30,

5    50, 366 P.3d 1246 (Wash. App. 2015). In so doing, Defendants attempt to twist a

6    rule meant solely to expand the coverage of the WLAD into one that lessens its

7    coverage, contrary to the liberal construction mandate.

8    In full, the "reasonable belief" standard is: "An employee who opposes

9    employment practices reasonably believed to be discriminatory is protected by the

10    opposition clause whether or not the practice is actually discriminatory." *Renz v.*

11    *Spokane Eye Clinic*, P.S., 114 Wash.App. 611, 619, 60 P.3d 106 (2002) (alterations

12    and internal quotation marks omitted). As demonstrated by all cases applying this

13    standard, it is intended to expand the scope of the WLAD retaliation provision to

14    apply to situations in which the alleged conduct underlying the initial complaint

15    did not rise to being a prohibited discriminatory practice under the WLAD, so long

16    as the plaintiff had a reasonable belief that it rose to this level. *Compare, e.g., Renz,*

17    114 Wash.App. at 619 (supervisor's three sexually charged comments within a

18    month supported a reasonable belief of sexual harassment) *with Graves v.*

19    *Department of Game,* 887 P.2d 424, 76 Wn.App. 705 (Wash. App. 1994)

20

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone: (509) 232-7760

1  (complaints that supervisor was not spending enough time training plaintiff did not

2  allege sexual discrimination and thus did not support retaliatory discharge claim).

3        In every case cited by Defendants, as well as those known to Plaintiff, the

4  "reasonable belief" test relates only to whether the plaintiff has alleged misconduct

5  that could be fairly characterized as discrimination, thus <u>expanding</u> the protection

6  of RCW 49.60.210(1) beyond its statutory text to situations when discrimination

7  did not occur. There is no known case in which the "reasonable belief" test was

8  used to <u>narrow</u> the protections of RCW 49.60.210(1) to less than its statutory text

9  to disallow a retaliation claim based on whether the initial claim was truthful. Such

10  a holding is unlikely to exist because it would directly violate the WLAD's liberal

11  interpretation mandate. "A statutory mandate of liberal construction requires courts

12  to view with caution any construction that would narrow the coverage of the law."

13  *Lodis v. Corbis Holdings, Inc.,* 292 P.3d 779, 787 (Wash. App. 2013), citing

14  *Marquis v. City of Spokane*, 130 Wash.2d 97, 108, 922 P.2d 43 (1996). "The

15  purpose of the [WLAD] is to deter and eradicate discrimination in Washington—

16  a public policy of the highest priority." *Id.* (citations omitted).

17        Just as the Court should not transport language only found in subsection (3)

18  of the statute to subsection (1) so as to narrow the law's coverage, it should not

19  misapply the "reasonable belief" rule that was designed to expand the law in a way

20  that narrows it. Again, the Court should simply apply the WLAD as written,

PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS
MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT • Page 13

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone:  (509) 232-7760

1    keeping in mind the mandate to interpret the law such that it deters and eradicates

2    discrimination as much as possible.

3    **E. The Legislature's Mandate is Consistent with Public Policy.**

4        Defendants, like Plaintiff, argue that their preferred outcome is consistent

5    with public policy. ECF No. 42, p. 15. It is true that there are competing interests

6    at stake: the need to eradicate discrimination balanced against the desire to ensure

7    truthfulness. The critical point to remember, however, is that it is not the Court's

8    role to set public policy. This role is reserved for the legislature; the Court's role is

9    to ascertain and follow the legislature's intent. The legislature has made its intent

10   manifest in its decision to provide an untruthfulness defense only in subsection (3),

11   and in its liberal construction mandate. Plaintiff raises the issue of public policy

12   only to counter any suggestion that the legislature did not mean what it wrote in

13   the statute, by showing that the plain text of the statute comports with the

14   overarching goal of eradicating discrimination. If the Court feels that the plain text

15   does not adequately convey the legislature's intent, certification is appropriate to

16   allow the Washington Supreme Court to resolve this critical issue.

17   **F. Defendants are Not Entitled to Summary Judgment.**

18       Defendants next argue that they are entitled to summary judgment dismissal

19   of Plaintiff's retaliation claim because Plaintiff did not make a *prima facie* claim

20   and because Defendants have proven a nondiscriminatory motive as a matter of

PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS
MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT • Page 14

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone:  (509) 232-7760

1    law. Defendants' motion should be denied because they present legal and factual

2    conclusions that are very much unresolved. At the same time, Defendants

3    demonstrate how crucial it is to follow the text of the WLAD and disallow the

4    untruthfulness defense, as it would allow every employer to retaliate with virtual

5    impunity simply by asserting a subjective belief that an employee was dishonest.

6        **1.  Plaintiff has Made a Prima Facie Case**.

7        As discussed in Section B, Plaintiff has established his prima facie case of

8    retaliation as a matter of law: (1) Plaintiff engaged in a statutorily protected

9    activities when he complained to his employer about sexual orientation harassment

10    and participated in the investigation (ECF Nos. 40-1, 40-2); (2) Defendants took

11    an adverse action against Plaintiff when they fired him (ECF No. 40-4); and (3)

12    there is a causal connection between Plaintiff's protected activities and his

13    termination, as conceded by Defendants in the termination letter. *Id.*

14        Defendants premise their argument only on cases from other jurisdictions

15    relating to a different statute. For instance, they assert that Mr. Goodell did not

16    engage in a protected activity under the opposition clause because the opposition

17    clause does not protect the making of a knowingly false allegation but support this

18    proposition only with a cite to *Villa v. CavaMezze Grill, LLC*, 858 F.3d 896, 901

19    (4th Cir. 2017), a case that does not address the WLAD. ECF No. 42, p. 15. Later,

20    Defendants assert that violations of company policies and lying during an

PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS
MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT • Page 15

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone:  (509) 232-7760

1  investigation constitute legitimate and nondiscriminatory reasons for termination,

2  but again cite only federal decisions from other circuits, interpreting Title VII. *Id.,*

3  p. 17. These decisions interpreting federal law do not determine what the law is in

4  Washington. Defendants present no Washington cases and must avoid mentioning

5  the WLAD itself, since the text of the law rebuts their position.

6      Equally important is Defendants' misrepresentation of the facts. They boldly

7  state that "Mr. Goodell did not have a reasonable belief that he was opposing an

8  unlawful practice as Defendants, after conducting an investigation, 'determined

9  that the allegations against Mr. Haney in [Mr. Goodell's] complaint . . . are false.'"

10  ECF No. 42, p. 15, citing D-SOF 8. But Defendants offer no proof, or even

11  admissible evidence, that any of the allegations in Mr. Goodell's complaint of

12  discrimination were false, but merely Defendant Ocampo's subjective and disputed

13  belief that the allegations were false. ECF No. 42-2. Mr. Ocampo's opinion in no

14  way proves that Mr. Goodell did not have a reasonable belief that he was opposing

15  an unlawful practice.

16      When considering Defendants' motion for summary judgment the Court is

17  required to view all facts in the light most favorable to Plaintiff. This means that it

18  must assume that Plaintiff's complaint of discrimination was truthful, and that Mr.

19  Ocampo's allegation of untruthfulness was incorrect. The Court should not accept

20  as an undisputed fact that Mr. Ocampo genuinely believed that Mr. Goodell was

PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS
MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT • Page 16

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone: (509) 232-7760

untruthful because, as alleged in the Complaint, Mr. Goodell had been subjected

to harassment, discrimination, and retaliation for years after blowing the whistle

on numerous legal violations occurring at CCPT, and truthfully reported

discrimination and harassment to Mr. Ocampo. ECF Nos. 37, 44. When the

evidence is viewed in the light most favorable to Plaintiff, Defendants' motion for

summary judgment must be denied.

## 2. <u>Termination for an Allegedly Fabricated Complaint of Discrimination Does Not Constitute a Legitimate Motive.</u>

There is a dispute of fact on Defendants' assertion that Mr. Goodell

fabricated a claim of discrimination and lied during the investigation, just as there

is a dispute over whether Defendants genuinely believe Mr. Goodell lied or simply

used this as a pretext for retaliation. ECF No. 37 (Complaint); ECF No. 44, Ex. A

(Goodell Declaration). But this dispute is inapposite to this motion, which asks

whether an allegedly fabricated complaint of discrimination can ever constitute a

legitimate basis to fire someone under the WLAD. As explained above, it cannot.

But Defendants' motion serves an important function by perfectly

illustrating why the legislature chose not to include an untruthfulness defense in

RCW 49.60.210(1). Defendants reveal how easy it would be for employers to

retaliate against virtually any victim of, or witness to, discrimination, no matter

how truthful and well-founded their claims and testimony. As explained above, if

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone: (509) 232-7760

the untruthfulness defense were allowed, all that employers would have to do—as Defendants attempt to do here—is simply conclude that they do not believe the victim or witness. Employers would not need actual proof that a person is lying— they could simply proclaim that a person's demeanor gave the employer pause, that the allegations were too unlikely to be believed, that they lack corroboration, or that the alleged wrongdoer had a reputation that made them more credible than the victim. Every victim and witness would soon learn that reporting discrimination only leads to further victimization.

The Court should consider what would be left of the WLAD if it granted Defendants' cross motion for summary judgment and accepted Defendants' legal theory. It should consider what this would mean to all future victims of discrimination, as well as essential witnesses, who are considering whether it is safe to speak out against discrimination. If the intent of the WLAD—the eradication of discrimination—is to be fulfilled, employers must not be permitted to discriminate or retaliate based on a belief that a complaint of discrimination was untruthful. The legislature recognized this when it drafted RCW 49.60.210.

**G. If the Court Finds the WLAD Unclear, Certification is Necessary.**

The text of RCW 49.60.210(1) is unambiguous, and the Court should assume that the lack of an untruthfulness defense is intentional. The Court must also construe the statute liberally to advance the goal of eradicating discrimination,

PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF IN SUPPORT OF PARTIAL SUMMARY JUDGMENT • Page 18

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone: (509) 232-7760

a goal which cannot be accomplished unless the law is enforced as written. As such, the Court can grant summary judgment to Plaintiff and deny Defendants' cross motion based on the text of the statute, without certifying the matter to the Washington Supreme Court.

But if the Court determines that judicial precedent is needed to resolve the issues presented, existing case law is inadequate. As Defendants concede, "Washington has not expressly applied the 'opposition clause' in the context of fabrication or dishonesty in an internal employer investigation." ECF No. 42, p. 19. Cases analyzing the issue under federal law are both contradictory and non-binding. The Court cannot grant Defendants' motion for summary judgment based on existing precedent, as Defendants are unable to offer statutory support or controlling case law. If the Court cannot determine the law based on the text of the WLAD, "it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been determined." RCW 2.60.020.

**H. Plaintiff's Claim Under RCW 49.60.210(2) Should be Dismissed and Replaced with a Claim for Wrongful Discharge in Violation of Public Policy.**

Defendants are correct that RCW 49.60.210(2) only applies to state employees and not municipal employees. Plaintiff thus voluntarily withdraws his claim under this statutory subsection. But as the Washington Supreme Court held in *Wilson v. City of Monroe*, the myriad state laws prohibiting retaliation against

PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF IN SUPPORT OF PARTIAL SUMMARY JUDGMENT • Page 19

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone: (509) 232-7760

whistleblowers—to include but not limited to the State Employee Whistleblower Act (RCW 42.40), the Local Government Whistleblower Act (RCW 42.41), and Washington Industrial Safety and Health Act (RCW 49.17.160)—do not provide mandatory and exclusive remedies and support a cause of action for wrongful discharge in contravention of public policy. 88 Wn. App. 113, 122-127, 943 P.2d 1134 (1997); *accord Rose v. Anderson Hay & Grain Co.,* 184 Wn.2d 268, 358 P.3d 1139 (2015) (reembracing the formulation of the tort as initially articulated, permitting claims regardless of adequacy of alternative remedies).

Given the early procedural posture of this case, and in the interest of justice, Plaintiff moves the Court to allow him to amend his Complaint to replace this claim with a cause of action for wrongful discharge in violation of public policy protecting whistleblowers.

## IV.    CONCLUSION

Plaintiff respectfully requests that the Court grant his motion for partial summary judgment and deny Defendants' cross motion. Alternatively, Plaintiff asks the Court to certify this case to the Washington Supreme Court to ascertain the law of this state.

PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS
MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT • Page 20

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone:  (509) 232-7760

1    RESPECTFULLY SUBMITTED this 24th day of December, 2020.

2                                PAUKERT & TROPPMANN, PLLC

3                                */s/ Andrew Biviano*
                                ANDREW S. BIVIANO, WSBA #38086
4                                522 W. Riverside Avenue, Suite 560
                                Spokane, WA 99201
5                                (509) 232-7760
                                Attorney for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS
MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT • Page 21

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone:  (509) 232-7760

CERTIFICATE OF SERVICE

  I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic service to the following individual(s):

  Ron Van Wert    rvw@ettermcmahon.com

  Andrew M Wagley   awagley@ettermcmahon.com

  DATED December 24, 2020.

       PAUKERT & TROPPMANN, PLLC

       By: */s/Mary Bisset*
       Mary Bisset, Paralegal

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Telephone: (509) 232-7760