FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 16, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRUCE GOODELL, a single person,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COLUMBIA COUNTY PUBLIC TRANSPORTATION; COLUMBIA COUNTY TRANSPORTATION AUTHORITY; and DAVID OCAMPO,<br><br>　　　　Defendants. | No. 2:20-CV-00226-SAB<br><br>**ORDER DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL** |

　　　　Before the Court is Defendants' Motion to Certify for Interlocutory Appeal the Order Denying Defendants' Motion to Dismiss and Granting Plaintiff's Motion for Summary Judgment, ECF No. 54. The Court held a videoconference hearing on the motion on April 15, 2021. Plaintiff was represented by Andrew Biviano, who appeared by videoconference. Defendants were represented by Andrew Wagley and Ronald Van Wert, who appeared by videoconference.

　　　　The Court took the motion under advisement. Having reviewed the briefing, the parties' arguments, and the caselaw, the Court denies Defendants' motion.

//

//

//

**ORDER DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL
# 1**

## Facts

The facts of this case are not particularly relevant to the present motion. Thus, they are only briefly summarized here.

Plaintiff Bruce Goodell ("Plaintiff") was employed by Defendant Columbia County Public Transportation ("CCPT") from May 5, 2014 through December 11, 2019. On October 29, 2015, Plaintiff filed a whistleblower complaint with the CCPT Board, reporting that CCPT personnel and managers had engaged in fraud and agency mismanagement. Plaintiff alleges that, beginning in November 2015, he was subject to retaliation for filing the whistleblower complaint, primarily consisting of changes in his workload/work schedule and homophobic verbal harassment. Plaintiff also alleges that, after CCPT began to investigate his initial whistleblower complaint, it terminated the general manager, operations manager, and interim manager in 2017 and 2018.

Beginning in January 2019, Plaintiff alleges that the homophobic harassment markedly increased. On September 23, 2019, Plaintiff reached out to Defendant David Ocampo, who was the General Manager of CCPT, about these insults and slurs. Plaintiff told Defendant Ocampo that he had received or heard derogatory comments from his coworkers regarding his sexual orientation. Defendant Ocampo told Plaintiff that he would begin an investigation into his claims. But, after Defendant Ocampo spoke to some witnesses, none of which allegedly corroborated Plaintiff's complaints, Defendant Ocampo concluded that Plaintiff's allegations of homophobic and discriminatory statements were false. On November 19, 2019, Defendant Ocampo placed Plaintiff on immediate and indefinite paid administrative leave and barred him from being on CCPT premises or speaking to any CCPT employees or Board Members about the investigation. Then, after conducting a pre-termination interview with Plaintiff on December 10, 2019, Defendant Ocampo terminated Plaintiff's employment the next day.

//

**ORDER DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL # 2**

## Procedural History

Plaintiff filed his first Complaint against Defendants on June 17, 2020. ECF No. 1. Plaintiff alleged the following claims: (1) violation of the substantive due process clause via 42 U.S.C. § 1983 (both against Defendant Ocampo as an individual and against Defendants CCPT and CCTA under a theory of *Monell* liability); (2) sexual orientation harassment and discrimination in violation of the Washington Law Against Discrimination, Wash. Rev. Code § 49.60 *et. seq*. ("WLAD"); (3) retaliation based on opposing discrimination in violation of the WLAD; and (4) retaliation against a whistleblower in violation of the WLAD. Both Plaintiff and Defendants then filed cross-motions for Summary Judgment on Plaintiff's WLAD retaliation claim on July 15, 2020 and August 5, 2020, respectively. ECF Nos. 6, 14. Defendants also filed a Motion to Dismiss on August 5, 2020. ECF No. 12.

Plaintiff then filed a First Amended Complaint on August 20, 2020. ECF No. 21. In addition to the § 1983 substantive due process claim, Plaintiff added a § 1983 retaliation claim, alleging a violation of the First Amendment. Thus, the Court dismissed the cross-motions for Summary Judgment and Defendants' Motion to Dismiss as moot. ECF No. 22. But Defendants filed a new Motion to Dismiss on September 4, 2020, ECF No. 23, whereas Plaintiff filed a Motion to Amend with a proposed Second Amended Complaint on September 14, 2020, ECF No. 24. The Court held a videoconference hearing on Defendants' Motion to Dismiss and Plaintiff's Motion to Amend on November 6, 2020. ECF No. 35. The Court subsequently issued an order granting Plaintiff's Motion to Amend and dismissing Defendants' Motion to Dismiss as moot, but gave Defendants a deadline to refile an Amended Motion to Dismiss. ECF No. 36. Plaintiff filed his Second Amended Complaint on November 6, 2020, which added a due process claim regarding Plaintiff's liberty interest. ECF No. 37 at 16.

**ORDER DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL # 3**

Plaintiff filed a Motion for Partial Summary Judgment on November 20, 2020. ECF No. 38. Defendants filed an Amended Motion to Dismiss on December 4, 2020. ECF No. 41. Defendants also filed a Cross Motion for Summary Judgment on December 10, 2020. ECF No. 42. The Court heard argument on these motions by video on January 29, 2021 and took them under advisement. On February 16, 2021, the Court issued an order, denying Defendants' Amended Motion to Dismiss and Cross Motion for Summary Judgment and granting Plaintiff's Motion for Partial Summary Judgment. ECF No. 50.

Defendants filed the present motion on March 9, 2021. ECF No. 54. Jury trial in this case is set for May 16, 2022.

## Legal Standard

28 U.S.C. § 1292(b) allows a party to seek an interlocutory appeal of a non-final order in a civil action. Seeking an interlocutory appeal under § 1292(b) requires a two-step process. First, the district court must certify, in writing, that (1) the interlocutory order involves a controlling issue of law; (2) the controlling issue of law is one on which there is a substantial ground for different opinions; and (3) an immediate appeal of the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Second, assuming the district court certifies the order for interlocutory appeal, the Court of Appeals then must decide (1) whether the district court properly concluded that the § 1292(b) requirements were met; and (2) whether, at its discretion, it will exercise jurisdiction. *Id.*

The Ninth Circuit has said that the § 1292(b) interlocutory appeal "should be used sparingly and with discrimination." *Lear Siegler, Inc. v. Adkins*, 330 F.2d 595, 598 (9th Cir. 1964). Specifically, the Circuit has stated that § 1292(b) is meant to be used in "*exceptional* situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (emphasis added).

ORDER DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL # 4

When determining whether to certify an order for § 1292(b) interlocutory appeal, the Court must consider the institutional efficiency of both the district court and the Court of Appeals. *See S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 226 (S.D.N.Y. 2000) ("The institutional efficiency of the federal court system is among the chief concerns underlying Section 1292(b) . . . . [T]he benefit to the district court of avoiding unnecessary trial must be weighed against the inefficiency of having the Court of Appeals hear multiple appeals in the same case.").

## Discussion

Defendants request that the Court certify its Order Denying Defendants' Motion to Dismiss and Granting Plaintiff's Motion for Summary Judgment, ECF No. 50, for § 1292(b) interlocutory appeal. ECF No. 54. First, Defendants argue that the Court's order involved controlling questions of law. Defendants argue that the Court, in denying Defendants' Motion to Dismiss, decided (1) whether Plaintiff spoke as a private citizen on a matter of public concern; (2) when the operative decision for a retaliation claim occurs for statute of limitations purposes; (3) whether Plaintiff had a property interest in his employment, (4) whether Plaintiff's liberty interest was implicated; (5) whether Defendants are liable under a theory of *Monell* liability; and (6) whether Defendant Ocampo was protected by qualified immunity, all of which are dispositive issues of law that would lead to dismissal of Plaintiff's federal law claims if decided in Defendants' favor. Additionally, Defendants argue that the Court, in granting Plaintiff's Motion for Partial Summary Judgment, decided that the Washington Law Against Discrimination ("WLAD") bars retaliation against employees who oppose discrimination—regardless of whether the employer later deems the employee's allegations of discrimination to be untruthful—and thereby decided that Defendants were liable under the WLAD.

**ORDER DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL # 5**

Defendants also argue that these controlling questions of law create substantial grounds for differing opinions. For the questions of law related to Defendants' Motion to Dismiss, Defendants argue that they presented the Court various authorities for why Plaintiff's federal claims failed as a matter of law and yet the Court rejected them. As for the question of law related to Plaintiff's Motion for Summary Judgment, Defendants argue that there is no binding authority for whether the WLAD protects against termination for making false allegations of discrimination.

Finally, Defendants argue that an interlocutory appeal would materially advance the ultimate termination of the litigation. Defendants argue that, if the Court of Appeals exercised jurisdiction over the interlocutory appeal and fully decided the issues raised in Defendants' favor, there would only be one Washington state law claim remaining in the case. Thus, Defendants argue that this would obviate the need for discovery, further motions practice, and a complex trial, as well as avoid an appeal of key issues further down the line.

Plaintiff in response argues that Defendants cannot meet the requirements for a § 1292(b) interlocutory appeal. ECF No. 58. First, Plaintiff argues that (1) in denying Defendants' Motion to Dismiss, the Court did not decide controlling questions of law because the Court was merely applying well-settled law to the facts alleged in Plaintiff's Complaint; and (2) in granting Plaintiff's Motion for Summary Judgment, the Court decided a question of pure state law, which would have to be determined by the Washington Supreme Court, not the Ninth Circuit.[1] Second, Plaintiff argues that there is no substantial ground for different opinions because (1) once again, in denying Defendants' Motion to Dismiss, the Court was

---

[1] Plaintiff also argues that Defendants should be barred by judicial estoppel because they previously argued that certification of the WLAD claim to the Washington Supreme Court was not warranted, and yet are now arguing that the WLAD claim is appropriate for appellate review.

**ORDER DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL # 6**

simply applying well-established law to Plaintiff's liberally interpreted Complaint; and (2) in granting Plaintiff's Motion for Summary Judgment, the Court relied on the clear meaning of the statutory text. Finally, Plaintiff argues that an interlocutory appeal will not materially advance the termination of the litigation because (1) the issues Defendants raise are better resolved through discovery, motions practice, and trial, rather than engaging in premature appellate practice; and (2) even if the Ninth Circuit reversed the Court's order, the case would still have to proceed on the remaining state law claim.

Because the Court's order decided two different motions—Defendants' Motion to Dismiss and Plaintiff's Motion for Partial Summary Judgment—Defendants are effectively asking the Court to certify two different decisions for § 1292(b) interlocutory appeal. For the reasons discussed below, the Court denies Defendants' motion to certify both decisions for interlocutory appeal.

    1.    <u>Whether the Court's order denying Defendants' Motion to Dismiss is appropriate for interlocutory appeal</u>

In denying Defendants' Motion to Dismiss, the Court found that Plaintiff had alleged sufficient facts in the Second Amended Complaint to support that (1) Plaintiff spoke as a private citizen on a matter of public concern; (2) Defendants' retaliatory course of conduct against him continued until 2019 and therefore Plaintiff's First Amendment claim is not barred by the statute of limitations; (3) Defendants' employee handbook specifically promised that employees would receive a pre-termination interview and Plaintiff justifiably relied on this promise; (4) Plaintiff did not receive adequate due process at his pre-termination interview; (5) Plaintiff's liberty interest in his name/reputation was violated; and (6) Defendants are liable under a theory of *Monell* liability. Thus, given the plausibility standard governing Rule 12(b)(6) motions, the Court declined to dismiss Plaintiff's claims at this stage of the litigation.

**ORDER DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL # 7**

The Court denies Defendants' motion to certify. In denying Defendants' Motion to Dismiss, the Court did not decide any controlling issues of law. The Court merely concluded that Plaintiff pled sufficient facts to show that his claims are *plausible*. Moreover, the Court specifically denied Defendant Ocampo's qualified immunity defense simply on the grounds that it did not want to decide "far-reaching constitutional questions on a nonexistent factual record." ECF No. 50 at 23 (quoting *Wong v. United States*, 373 F.3d 952, 957 (9th Cir. 2004)).

Additionally, other district courts have concluded that denial of a motion to dismiss is generally not appropriate for a § 1292(b) interlocutory appeal. *See, e.g.*, *Clarkson v. Alaska Airlines, Inc.*, No. 2:19-CV-0005-TOR, 2019 WL 3773756, at *2 (E.D. Wash. Aug. 8, 2019) ("Because the standard of review applicable to a motion to dismiss is 'plausibility' and this Court has not made any legal determination as to whether Count IV will ultimately be successful, there is nothing to certify to the Circuit."). This is especially true here where the merits of Plaintiff's claims depend on further factual discovery.

Thus, the Court denies Defendants' motion to certify the denial of their Motion to Dismiss for interlocutory appeal.

    2.    <u>Whether the Court's order granting Plaintiff's Motion for Summary Judgment is appropriate for interlocutory appeal</u>

In granting Plaintiff's Motion for Summary Judgment, the Court found that the WLAD does not allow an employer to fire an employee for making allegedly false statements while opposing discrimination. In reaching this conclusion, the Court acknowledged that "this interpretation of the WLAD involves difficult policy tradeoffs in striking a balance between the interests of employees and employers." ECF No. 50 at 27. But the Court granted Plaintiff's motion based on the text of the statute and on the Washington State legislature's mandate that the WLAD is to be "construed liberally." Wash. Rev. Code § 49.60.020. Specifically, the Court stated that Section (3) of the WLAD says that, if an individual is

**ORDER DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL # 8**

assisting with an office of fraud and accountability investigation, their employer cannot discharge, discriminate, or retaliate against them *unless* "the individual has willfully disregarded the truth in providing information to the office." Wash. Rev. Code § 49.60.210(3). Conversely, Section (1) of the WLAD simply states that an employer cannot discharge, expel, or otherwise discriminate against an individual who has opposed discrimination. *Id.* at (1). Thus, the Court concluded that, because Plaintiff opposed discrimination as protected under Section (1) of the WLAD and because Section (1)—unlike Section (3)—did not carve out an untruthfulness exception, Plaintiff was still protected from termination, even though Defendants allege that his reports of discrimination were false.

Here, Defendants can likely satisfy the first prong of § 1292(b): that the Court decided a controlling issue of law. *See Credit Bancorp*, 103 F. Supp. 2d at 227 (stating that, when determining whether there is a controlling question of law, the district court should consider whether (1) reversal of the district court's opinion would result in dismissal of the action; or (2) even if it would not result in dismissal, whether reversal would significantly affect the conduct of the action or if the certified question has precedential value for a large number of cases).

However, it is unlikely that Defendants can meet the second prong of § 1292(b): that there is a substantial ground for difference of opinion. The Ninth Circuit has stated that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (internal citations and quotations omitted). But "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Id.* at 634. Here, Defendants merely argue that "certification for interlocutory appeal is warranted based upon this novel issue and lack of binding

**ORDER DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL # 9**

authority." ECF No. 54 at 9. Under *Couch*, this is insufficient to satisfy the second prong of § 1292(b).

Additionally, Plaintiff's WLAD claim is inappropriate for interlocutory appeal because it involves a question of pure state law. *See, e.g.*, *Hubbard v. Phil's BBQ of Point Loma, Inc.*, No. 09CV0735-LAB (CAB), 2010 WL 3069703, at *1 (S.D. Cal. Aug. 4, 2010) ("The issues presented here are questions of California state law . . . . The California Supreme Court has not ruled on the precise issues concerning valuation presented here. The Ninth Circuit would have no more or better information than this Court does."); *see also Cummins v. EG & G Sealol, Inc.*, 697 F. Supp. 64, 70 (D.R.I. 1988) (citing cases); *Frazier v. Bickford*, No. 14-CV-3843 (SRN/JJK), 2015 WL 8779872, at *3 (D. Minn. Dec. 15, 2015) (same).

Thus, the Court denies Defendants' motion to certify the granting of Plaintiff's Partial Motion for Summary Judgment for interlocutory appeal.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Certify for Interlocutory Appeal Order Denying Defendants' Motion to Dismiss and Granting Plaintiff's Motion for Summary Judgment, ECF No. 54, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 16th day of April 2021.



Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL** # 10